[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE RULING ON PLAINTIFF'S OBJECTION TO DEFENDANTS' BRUCE KAY AND LAY'S, LLC. ACCEPTANCE OF PLAINTIFF'S OFFER OF JUDGMENT
The plaintiff Melinda Lutter objects to the defendants' Bruce Kay and Kay's Landscaping, LLC, acceptance of the plaintiff's offer of judgment. The following facts give rise to this dispute:
1. On February 26, 2002 the plaintiff filed an offer of judgment agreeing to stipulate to judgment in the amount of $250,000.
2. The plaintiff's counsel or a member of his office staff, through inadvertence or oversight, failed to transmit the offer of judgment to either counsel for defendant Kay or Allstate Insurance Company.
3. On or about September 23 or 24, 2002, plaintiff's counsel learned for the first time that none of the defendants in this action had received the offer of judgment filed in February, 2002.
4. On September 25, 2002, apparently without discussing it with his client, plaintiff's counsel filed with the Court an Amended Certification stating that the Offer of Judgment dated February 26, 2002 had been telefaxed to all counsel of record on September 24 and 25, 2002.
5. On the evening of September 25, 2002, plaintiff's counsel conferred with his client, who directed him to attempt to revoke the offer of judgment faxed to counsel that day or the previous day.
6. On September 27, 2002 at 11:20 a.m. plaintiff filed with the court a withdrawal of the Offer of Judgment dated February 26, 2002 directed to Bruce Kay and Kay's Landscaping. CT Page 13028
7. As evidenced by the time stamped document in the court file, at or about 4:45 p.m. on Friday September 27, 2002, counsel for defendants Kay and Kay Landscaping, faxed to the Clerk's Office an Acceptance of Offer of Judgment, dated September 25, 2002.
8. At or about 5:36 p.m. on Friday September 27, 2002 defendants faxed to plaintiff's counsel the Acceptance of the Offer of Judgment previously faxed to the Clerk's Office approximately 50 minutes earlier.
9. Plaintiff's counsel did not receive the Acceptance of Offer of Judgment fax until the morning of Monday, September 30, 2002.
Based on the foregoing findings of fact, the court concludes:
1. The Offer of Judgment dated February 26, 2002, was ineffective, prior to September 25, 2002, because of the plaintiff's failure to serve defendant Kay's counsel.
2. Upon plaintiff's counsel serving defendant's counsel via fax on September 24 and 25, 2002, the Offer of Judgment was valid and effective within the meaning of General Statutes § 51-191.
3. Plaintiff's withdrawal of the offer of judgment, filed with the court at 11:20 a.m. on September 27, 2002, preceded the defendant's acceptance of offer of judgment which was filed at 4:45 p.m. the same day.
4. The withdrawal of the offer of judgment was valid, binding and effective prior to the defendant's acceptance of it.
Accordingly, the plaintiff's objection to defendants' Bruce Kay and Kay's Landscaping LLC acceptance of offer of judgment is sustained.
SO ORDERED.
___________________, J. HOLZBERG CT Page 13029